IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

FILED
MAR 1 5 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MICHAEL D. PAVILON,       )
                          )
        Plaintiffs,       )
                          )
    v.                    )
                          )
CITY OF CHICAGO, JOSHUA PURKISS (Star   )
No. 4801) and UNNAMED CHICAGO           )
POLICE OFFICERS,          )
                          )
        Defendants.       )

## COMPLAINT

NOW COMES Plaintiff, MICHAEL D. PAVILON, by his attorneys, LOEVY & LOEVY, and complaining of Defendants, CITY OF CHICAGO, JOSHUA PURKISS (Star No. 4801) and UNNAMED CHICAGO POLICE OFFICERS (collectively, "Defendant Officers"), states as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all of the parties reside in this judicial district, and the events giving rise to the claims

asserted herein all occurred within district.

## Background

4. Michael D. Pavilon ("Pavilon"), is the President and sole owner of Sungloss Marble Company in Chicago, Illinois, and is the owner of an apartment building and a garage at 5141 North Claremont Street, Chicago, Illinois (the "Building").

5. Pavilon resides on the second and third floors of the Building.

6. Tenants reside in a first floor apartment and in a basement "garden" apartment of the Building.

7. Separate mailboxes for Pavilon and the two other apartments are in plain view in a first floor vestibule, separate electric meters are visible on the building's exterior, separate gas meters are visible in the building's interior, and each apartment has a separate, locked entry door with a separate door bell for each.

8. On November 11, 2005, the Defendant Officers conducted a search of Plaintiff's residence and the other apartments in the Building, a well as the garage. In doing so, the Defendant Officers exceeded the scope of their lawful authority and thereby committed a violation of Plaintiff's rights.

9. Specifically, the Defendant Officers were informed by the first floor tenants, Sidra and Charles Banks, that the

subject of the search warrant, William McBeth, did not reside at the Building and that the Building was not a single family residence, as stated in the search warrant, but was an apartment building as described above, as was obvious from the configuration of the Building. Said tenants also informed the Defendant Officers that Pavilon was the owner and resided on the second and third floors.

10. Despite the foregoing, the Defendant Officers, broke the rear doors of Pavilon's apartment to gain entry and ransacked the entire apartment, cracked the front door of Pavilon's apartment, broke the garage door and lock, and ransacked the garage.

11. In addition, the Defendant Officers took personal items belonging to Pavilon.

12. After the incident, Pavilon called 911 and made other attempts to file a complaint against the Defendant Officers. Although a Complaint Register was ultimately opened, the Chicago Police Department's Internal Affairs Division refused to conduct a good faith investigation into the matter and even accused Pavilon of harboring the subject of the search warrant, William McBeth, whom Pavilon has never even met.

## Count I -- Section 1983

### Fourth Amendment
### (Unlawful Search)

13. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

14. As described more fully above, the Defendant Officers, acting under color of law and within the scope of their employment as Chicago Police Officers, improperly and unreasonably exceeded the scope of their lawful authority in conducting an unlawful and unreasonable search of Pavilon's residence and an illegal seizure of his property, thereby violating the United States Constitution.

15. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

16. As a result of the above-described wrongful infringement of Pavilon's rights, Pavilon suffered damages, including but not limited to mental distress and anguish.

17. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the

moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

      b.    As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiffs; specifically, Chicago Police Officers accused of constitutional violations can be confident that the Office of Professional Standards will not investigate those accusations in earnest, and will refuse to recommend discipline even where the Officer has engaged in such activities;

      c.    Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiffs in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

      d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report

misconduct committed by other officers, such as the misconduct at issue in this case;

  e. The City of Chicago has failed to act to remedy the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

  f. As a matter of express policy, the City of Chicago does not retain or consider any records documenting allegations of civil rights violations against police officers which are more than five years old, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a police officer's career;

  g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint, to wit, if a police officer is accused of the same sort of misconduct an inordinate number of times in row, O.P.S. is forbidden by the City from considering this pattern of allegations if the allegations were deemed unsustained; and

  h. By its own accounting, the City sustains less than 5% of the complaints brought against police officers for violations of civil rights.

### Count II -- State Law

### Illinois Constitution
### (Unlawful Search)

18. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

19. As described more fully above, the Defendant Officers, acting under color of law and within the scope of their employment as Chicago Police Officers, improperly exceeded the scope of their lawful authority in conducting an unlawful and unreasonable search of Plaintiff Pavilon's residence, thereby violating Illinois law and the Illinois Constitution.

20. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

21. As a proximate result of this misconduct, Plaintiff Pavilon suffered damages, including but not limited to mental distress and anguish.

### Count III -- State Law Claim

### Damage to Property

22. Plaintiffs reallege each of foregoing Paragraphs as if fully stated herein.

23. In the manner described more fully above, the Defendant Officers did knowingly damage Pavilon's property without his consent and without lawful authority to do so.

24. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' rights.

25. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

26. As a proximate result of this misconduct, Pavilon suffered injury, including emotional distress.

### COUNT IV -- State Law Claim

### Respondeat Superior

27. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

28. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of their employment.

29. Defendant CITY OF CHICAGO is liable as principal for all torts committed by its agents.

### COUNT V -- State Law Claim

### Indemnification

30. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

31. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for

which employees are liable within the scope of their employment activities.

32. The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, MICHAEL PAVILON, respectfully request that this Court enter judgment in their favor and against Defendants, CITY OF CHICAGO, Officer JOSHUA PURKISS, and UNNAMED CHICAGO POLICE OFFICERS, awarding compensatory damages and attorneys' fees, as well as punitive damages against the Defendant Officers in their individual capacities, as well as any other relief this Court deems just and appropriate.

**JURY DEMAND**

Plaintiff MICHAEL PAVILON hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiffs

Arthur Loevy
Jon Loevy
Kurt Feuer
LOEVY & LOEVY
312 North May
Suite 100
Chicago, IL 60607
(312) 243-5900